Filed 12/13/21  P. v. Le CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093471 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F04934) |
| v. | |
| VIET KIM LE, | |
| Defendant and Appellant. | |

Defendant Viet Kim Le appeals from the trial court's order denying his propria persona petition for resentencing brought pursuant to Penal Code section 1170.95.[1] Defendant contends the trial court erred by relying on a special circumstance finding to conclude no prima facie showing had been made.  We disagree and affirm the order.

---

[1]  Further undesignated statutory references are to the Penal Code.

**FACTS AND PROCEEDINGS**

*Defendant's Convictions*

In our opinion on direct appeal, we summarized the incident leading to defendant's convictions. (*People v. Le* (Oct. 29, 2003, C041716) [nonpub. opn.].)[2] In 1997, Melinda Vo was driving a car in which Thanh La was the passenger. A car driven by defendant began following close behind the car driven by Vo. Eventually, defendant's car pulled up to Vo's car, and five or six gunshots rang out. Vo was shot and died. La later explained to police officers that defendant was Vo's boyfriend.

In 2001, a jury found defendant guilty of murder (§ 187, subd. (a); count one) and attempted murder (§§ 187, subd. (a), 664). As to count one, the jury found true a special circumstance allegation that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle with the intent to inflict death. (§ 190.2, subd. (a)(21).) As to both counts, the jury found that defendant was armed with a firearm. (§ 12022, subd. (a).)

The trial court sentenced defendant to life without the possibility of parole for the murder of Vo and to a consecutive term of seven years for the attempted murder of La. The court also imposed two one-year sentences for the firearm enhancements. This court affirmed the judgment on direct appeal.

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that

---

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .

3

[¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

*Defendant's Petition for Resentencing*

On November 14, 2019, and again on January 13, 2020, defendant filed a form petition in propria persona requesting resentencing under section 1170.95. On the form, defendant declared that the accusatory pleading permitted the prosecutor to proceed under the felony-murder rule or the natural and probable consequences doctrine, he was convicted of first or second degree murder, he could not be convicted of this offense as result of the changes made to sections 188 and 189 that became effective on January 1, 2019, his conduct fell outside the parameters of section 189, subdivision (e), and he was entitled to be resentenced within the meaning of section 1170.95, subdivision (d)(2). On December 18, 2019, the trial court appointed counsel to represent defendant.

On January 3, 2020, the People responded that defendant failed to make a prima facie case that he was eligible for relief because the special circumstance, found true, demonstrated that defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. Defendant, through counsel, filed a reply brief on October 19, 2020.

On January 5, 2021, the trial court denied the petition on the grounds that the jury was instructed on direct aiding and abetting but was not instructed on either the natural

4

and probable consequences doctrine or the felony-murder rule. The court observed that, to find defendant guilty of the charged crimes based on aiding and abetting (the only alternative with which the jury was presented other than that defendant himself was the shooter), the jury was required to find that defendant intended to aid and abet the murder and attempted murder.

Regarding the murder, the jury was instructed on malice aforethought murder and murder perpetrated by means of discharging a firearm from a motor vehicle with specific intent to inflict death; aiding and abetting that act required the same intent to kill. The court recognized that, by finding the special circumstance true, the jury necessarily found that defendant was either the actual killer or acted with intent to kill in aiding and abetting the first degree murder. Thus, the court concluded that the jury necessarily found that defendant acted with intent to kill. Similarly, with respect to the attempted murder conviction, the trial court observed that the instruction on aiding and abetting required the jury to find that defendant acted with the intent to kill.

Defendant timely appealed. The case was fully briefed in August 2021 and assigned to this panel on September 30, 2021.

## DISCUSSION

Defendant contends that the trial court erred in denying his petition for relief by relying on the record of conviction, including the jury instructions and the jury's verdicts. He argues that he established a prima facie case for relief because his petition met the conditions set forth in section 1170.95, subdivision (a), and section 1170.95 does not permit a review of the record during the prima facie determination under subdivision (c).

We disagree. In *People v. Lewis* (2021) 11 Cal.5th 952, at pages 970 to 972, our Supreme Court recently held that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that they fall within the provisions of section 1170.95. Our Supreme Court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section

5

1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis,* at p. 971.) Consistently with *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury and the jury's verdicts, in concluding that defendant was ineligible for relief under section 1170.95 as a matter of law. Contrary to defendant's argument in his reply brief, the court review of the record did not require it to make a credibility determination, weigh the evidence, or exercise discretion. Rather, the court determined as a matter of law that the jury necessarily found defendant harbored an intent to kill, precluding him from relief.[3]

## DISPOSITION

The trial court's order is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Hoch, J.

---

[3] Based on this holding, we do not address defendant's arguments that relief under section 1170.95 should extend to both murder and attempted murder convictions, or that the trial court's order prevented defendant from presenting new evidence at a hearing.